**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

APRIL M. SACQUAT,           )
                              )
         Plaintiff,       )
                              )
v.                           )
                              )   Case No.
TARGET CORPORATION,    )
                              )
         Defendant.   )

**NOTICE OF REMOVAL**

Defendant Target Corporation ("Target" or "Defendant") hereby notices the removal of this action pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446 to the United States District Court for the District of Kansas, and as grounds therefore states:

**I.     Timeliness of Removal**

1.     On or about September 24, 2025, Plaintiff April Sacquat ("Plaintiff") filed a civil action against Defendant in the District Court of Shawnee County, Kansas, Case No. SN-2025-CV-000740. Copies of the Summons and Petition are attached as **Exhibit A**, as required under 28 U.S.C. § 1446(a). These are the only process, pleadings, and orders served on Defendant in this action.

2.     Plaintiff could have originally filed this action against Target in this Court pursuant to 28 U.S.C. § 1332 and 1332.

3.     Defendant's registered agent was served with the Complaint on September 26, 2025 by return receipt delivery.

4.     Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process, as required by 28 U.S.C. § 1446(b).

## II.      Venue

5.      The District Court of Shawnee County, Kansas is located within the United States District Court for the District of Kansas. 28 U.S.C. § 96. Therefore, venue is proper in this Court because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

## III.     Basis for Removal:

### Diversity Jurisdiction

6.      This action is properly removable under 28 U.S.C. § 1441(b), because the United States District Court has original jurisdiction in this case pursuant to 28 U.S.C. § 1332(a), which provides, "The district courts shall have original jurisdiction of all civil actions where the matter is controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between…citizens of different States…."

### A.      The Amount in Controversy Exceeds $75,000

7.      Plaintiff seeks damages totaling $2,200,000.00. (See Petition). Accordingly, the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

### B.      Complete Diversity of Citizenship Exists

8.      Plaintiff is a citizen of the State of Kansas.  (See Petition).

9.      Defendant is a Minnesota corporation with its principal place of business and corporate headquarters located in Minnesota, and therefore is a citizen of Minnesota within the meaning of 28 U.S.C. § 1332.  (See Petition). (*See* Declaration of Adam Klarfeld, **Exhibit B**).

10.      Complete diversity of citizenship therefore exists, and this case is removable under 28 U.S.C. § 1441(b).

### Federal Question and Supplemental Jurisdiction

11. This action is properly removable under 28 U.S.C. § 1441(a), because the United States

District Court has original jurisdiction pursuant to 28 U.S.C. § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

12. Plaintiff's Petition for Damages alleges that Defendant violated the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA") and related claims under the Kansas Act Against Discrimination, K.S.A. 44-1001 *et seq.*, Kansas Workers' Compensation Act, K.S.A. 44 501, and Kansas common law public policy exception to wrongful discharge. (See Petition).

13. By asserting claims under federal law, *i.e.*, the ADA, Plaintiff's Petition asserts a federal question under 28 U.S.C. §1331. Accordingly, this case is properly removable under 28 U.S.C. § 1441(a).

14. This Court has supplemental jurisdiction over Plaintiff's Kansas state law claims. Indeed, pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction over all other claims that are so related to Plaintiff's federal cause(s) of action "that they form part of the same case or controversy under Article III of the United States Constitution." State law claims fall within this Court's supplemental jurisdiction when they share with the federal claims "a common nucleus of operative fact … such that [the plaintiff] would ordinarily be expected to try them all in one judicial proceeding." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966).

15. Here, Plaintiff's state law claims for disability discrimination/failure to accommodate and retaliation, relate closely to her ADA disability discrimination/failure to accommodate and retaliation claims. Specifically, the claims all arise out of a common nucleus of operative facts: Plaintiff's employment with Defendant. As a result, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16.    Moreover, there is no reason why this Court should not exercise supplemental jurisdiction over Plaintiff's state law claims. Plaintiff's state law claims neither raise novel or complex issues of state law, nor do they predominate over the federal claims for which this Court has original jurisdiction. Finally, there are no exceptional circumstances or other compelling reasons for this Court to decline supplemental jurisdiction. *See* 28 U.S.C. § 1367(c).

17.    Accordingly, this removal is proper on the basis of federal question jurisdiction under 28 U.S.C. § 1441(c).

## IV.    Conclusion

11.    In accordance with 28 U.S.C. § 1466, copies of this Notice of Removal will be promptly served upon counsel for all adverse parties and filed with the Clerk of the District Court of Shawnee County, Kansas.

12.    By removing this matter, Defendant does not waive or intend to waive any defense, including but not limited to insufficiency of process and insufficiency of service of process.

WHEREFORE, Defendant respectfully requests that this Court take jurisdiction of this action and issue all necessary orders and process to remove it from the District Court of Shawnee County, Kansas to the United States District Court for the District of Kansas.

4

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Kelsey R. Popp*

Chris R. Pace          Kansas # 17178
Kelsey R. Popp        D. Kan. # 79238
700 W. 47th St., Suite 500
Kansas City, MO  64112
Phone:  816.471.1301
Facsimile:  816.471.1303
Email:  Kelsey.popp@ogletree.com
Email: Chris.pace@ogletree.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 16th day of October 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

APRIL M. SACQUAT
505 SE LAMAR
TOPEKA, KS 66607[1]

**PLAINTIFF PRO SE**

*/s/ Kelsey R. Popp*

Kelsey R. Popp
**ATTORNEY FOR DEFENDANT**

---

[1]      Plaintiff has not provided her email address in her Complaint. Defendant will serve its Notice of Removal to Plaintiff via USPS mail.